PEOPLE *ex rel.* DAVIS v. HILL *et al.*, assessors, etc.

*Certiorari — delay in applying for writ.*

Where a town board of assessors had performed certain duties of a judicial character in pursuance of statute:

*Held,* that a delay of over two years in applying for a writ of certiorari to review the same, was a sufficient reason for dismissing such writ.

THIS is a case arising upon *certiorari,* directed to the respondents Hill, Casey and Roynton, as railroad commissioners of the town of Ontario, in the county of Wayne, to respondents Bishop, Dickinson and Middleton, as assessors of said town, and to Albert F. Redfield, clerk of said county, brought to review the proceedings had by said

commissioners and assessors under the act of the legislature entitled "An act to authorize certain towns of Oswego, Cayuga and Wayne counties to bond themselves in aid of the Lake Ontario Shore railroad," and an act amendatory of the same.

The several parties to whom the *certiorari* was directed have made due return thereto. The county clerk has returned the papers on file in his office in said proceeding, and the assessors and railroad commissioners return therewith their respective action under the statutes referred to in bonding said town for the purpose aforesaid.

*Cogswell & Perkins*, for relator.

*J. C. Cochrane*, for defendant.

E. D. SMITH, J. From the returns to the writ of *certiorari* issued in this proceeding of the railroad commissioners and the assessors of the said town of Ontario, and the exhibits and papers annexed thereto, it appears that on the 30th day of August, 1870, the said assessors made their affidavit as provided in the statute authorizing certain towns of Oswego, Cayuga and Wayne counties to bond themselves in aid of the Lake Ontario Shore railroad, in which they stated and deposed, " that the consent had been obtained in writing of persons owning more than one-half of the taxable property assessed and appearing upon the last assessment roll of said town, and a majority of the tax payers as appeared by said assessment roll; which consent has been proved and acknowledged according to the provisions of the act aforesaid, and the act amendatory thereof, passed April 19, 1869 (ch. 241); and the commissioners of the town of Ontario appointed to carry into effect the purpose of said acts, were then authorized by the terms of said acts to borrow, on the faith and credit of said town, the sum of $107,000."

It further appears from said returns, and particularly from the return of the persons named in said writ as the railroad commissioners for said town, that such persons were, on the 24th day of December, 1870, duly appointed such commissioners by the county judge of Wayne county, and that the affidavit of the said assessors, and the consents and the assessment roll therein referred to, were filed in the county clerk's office of said county on the 23d day of December, 1870, and the town clerk's office of said town of Ontario; and that in the month of May, 1871, acting upon such affidavit and consents, they, the said railroad commissioners, subscribed for

$107,000 of the capital stock of said railroad company on behalf of said town of Ontario, and in the month of September such subscription was reduced to $85,000.

That on the 23d of September, 1871, they issued to the said railroad company $34,000 of the bonds of said town, and on the 13th day of November, 1871, they issued to said railroad company $17,000 of said bonds. Upon these returns, the only judicial proceeding presented for review in this court is the affidavit, and the making thereof, by the said assessors.

This affidavit was made August 30, 1870, nearly three years since, and more than two years before the allowance and issuing of the writ of *certiorari* in this action or proceeding, which appears to have been allowed and tested September 2, 1872.

The first point and question presented for our consideration upon these facts is, whether, after the lapse of time that has occurred since the action of the assessors as aforesaid in making said affidavit, this court is called upon to review these proceedings on the merits.

In *Elmendorf* v. *The City of New York*, 25 Wend. 693, the court, Chief Justice NELSON giving the opinion, refused to allow a writ of *certiorari* on account of the delay which they regarded unreasonable in applying for it, and said that in analogy to the statute which forbid the allowance of writs of error after two years, that writs of *certiorari* ought not to be granted after that time in an ordinary case, and particularly when improvements had been finished and assessments paid by some of the owners; and asserted the right and duty of the court to exercise a discretion in the allowance of such writs, having regard to the public injury and inconvenience resulting therefrom.

The same principles and views are asserted in the case of *The People* v. *The Mayor of New York*, 2 Hill, 9, and in the matter of *Mount Morris Square*, id. 14. Judge BRONSON in the former case says: "If a *certiorari* will lie, it does not follow that it should be awarded in every case where a relator may have some ground of complaint. The allowance of the writ rests in the sound discretion of the court." The writ was quashed in that case and in another, (*The People* v. *Mesiah, etc.,*) because of the delay in bringing the writ.

In this case, in their return, the assessors say that on the 30th of August, 1870, they met as a board of assessors in said town for the purpose of preparing the general assessment roll for the year 1870, and while in session for the purpose aforesaid, and while engaged

in the preparation of the said general assessment roll for that year, Alonzo W. Casey, Hezekiah Hill and Lorenzo R. Roynton, railroad commissioners of the town of Ontario aforesaid, duly presented to them the original consents of the tax payers of the town of Ontario aforesaid, for the bonding of said town; and that they did then and there on such consents make and subscribe the affidavit above described and set forth, and handed the same, with the said consents, to the said commissioners.

This ended and completed the acts of a judicial character required of the said assessors. The persons called by them railroad commissioners, it appears had not then been appointed as such commissioners. They were appointed it appears afterward, December 24. In the mean time they, or some one of them, had possession of this affidavit of the assessors, and filed it in the county clerk's office on the 23d of December, 1870.

If the act of the assessors in making such affidavit were reviewable upon *certiorari*, such writ might have been applied for and allowed at any time after the said 30th of August, 1870, when the same was so made and delivered. If there were any of the tax payers of said town then dissatisfied with the proceedings of the said assessors, they not only refrained from taking any steps by bringing this writ of *certiorari* during the period that intervened between the 30th of August and the 23d of December, 1870, but after the filing of said papers they suffered the commissioners to go on and subscribe in May following for the stock in said railroad, and subsequently to issue bonds of the town to the railroad to the amount of $51,000, before the writ of *certiorari* was sued out. These bonds have doubtless gone into circulation and been used, or the proceeds applied in the construction of said railroad, which must before this term of the court ends have been constructed and completed through said town, in all probability, if we may take notice of public-reputation upon such a subject. The town will thus have obtained the benefit of said railroad through the action in part of its own officers and public agents, with the full knowledge of every citizen of such town of common intelligence.

After such lapse of time and after such acts, and where new rights have been thus acquired resulting from the acts of the public officers of said town, with the apparent consent of the great body of the tax payers, it seems to us that we ought not to sustain the writ of *certiorari* to review the proceedings aforesaid, but that the same should be dismissed and quashed.                    *So ordered.*